IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SHAWN HEATH ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-104 |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Shawn Heath Adams ("Plaintiff") appeals the decision of the Acting Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs submitted by both parties, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

**I. BACKGROUND**

Plaintiff was born on March 23, 1972. Tr. ("R"), pp. 21, 44. He completed his GED, obtained specialized training in automotive technology, and was a licensed auto repair mechanic. R. 46-47. Plaintiff had past relevant work experience as an auto mechanic, boat mechanic, and transmission mechanic. R. 33, 48-53, 79-80, 166-172, 180- 197. He applied

for DIB on January 4, 2010, alleging a disability onset date of November 12, 2008. R 136-40. The Social Security Administration denied the application initially and on reconsideration. R. 89-92, 94-97. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. 98-99, which was held on December 8, 2011. R. 39-85. At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, and from William E. Stark, a Vocational Expert ("VE"). Id. On January 11, 2012, the ALJ issued an unfavorable decision. R. 21-34.

Applying the five-step sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since November 12, 2008, the alleged onset date (20 C.F.R. § 404.1571 *et seq*.).

2. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, coronary artery disease, and status post stent placement (20 C.F.R. § 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. § 404.1520(d), 404.1525, 404.1526).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b)[1] except the claimant can never climb ramps, stairs, ladders, ropes, or scaffolds. The claimant can frequently

---

[1] "Light work" is defined as work that "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

> balance, stoop, kneel, crouch, and crawl. The claimant can perform work, which allows him to sit or stand alternatively at will, if the claimant is not off task more than 10% of the work period. The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).
>
> 5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform, including mail clerk and information clerk (20 C.F.R. §§ 404.1569 and 404.1569(a)). The claimant has not been under a disability, as defined in the Social Security Act, from November 12, 2008, through January 11, 2012 (the date of the ALJ's decision) (20 CFR 404.1520(g)).

R. 26-34.

When the Appeals Council denied Plaintiff's request for review on February 21, 2014, R. 1-4, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action requesting reversal or remand of that adverse decision. Plaintiff argues that the Commissioner's decision is erroneous because the ALJ improperly (1) ignored opinions of physician Dr. Donald Johnson, II, (2) ignored opinions in treating physician Dr. Hemant Yagnick's 2011 medical source statement that Plaintiff would be off task twenty-five percent or more of the workday and would likely be absent more than four days per month, and (3) gave great weight to the opinions of state agency medical consultant Dr. John Hassinger. (See generally doc. no. 11 ("Pl.'s Br.").) The Commissioner never explicitly addresses Plaintiff's second enumeration of error, but maintains that the decision to deny Plaintiff's application is supported by substantial evidence and should therefore be affirmed. (See doc. no. 12 ("Comm'r's Br.").)

**II.  STANDARD OF REVIEW**

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence,

Richardson v. Perales, 402 U.S. 389, 401 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d

1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III.  DISCUSSION

Plaintiff argues that the ALJ never addressed or explained any basis for impliedly rejecting treating physician Dr. Yagnick's 2011 opinions that Plaintiff would be off task twenty-five percent or more of the work day and would likely miss more than four days of work each month. (Pl's Br., pp. 24-26.)  On November 17, 2011, Dr. Yagnick, who had treated Plaintiff since September 10, 2008 for back pain, completed a physical medical source statement. R. 345, 550-553.  Dr. Yagnick diagnosed Plaintiff with degeneration of the thoracic or lumbar intervertebral discs and opined that Plaintiff: (1) could only walk one to two city blocks without rest or severe pain; (2) could stand or walk less than two hours and could sit about two hours; (3) needed a job that permitted shifting positions at-will from sitting, walking, and standing; (4) needed to walk for ten minutes every twenty to thirty minutes during an eight-hour workday; (5) needed unscheduled breaks at least every thirty minutes and would have to rest at least ten minutes before returning to work; (6) might need a cane at times, due to his pain; and (7) should never twist, stoop, crouch, squat, or climb stairs or ladders. Additionally, Dr. Yagnick opined that Plaintiff would likely be off task twenty-five percent or more of the workday due to his symptoms interfering with his

5

attention and concentration, and he was likely to be absent from work more than four days per month. (R. 550-553.)

When discussing Dr. Yagnick's 2011 medical source statement, the ALJ failed to mention Dr. Yagnick's opinions that Plaintiff would be off task at least twenty-five percent of the workday or that he would likely be absent from work more than four days per month. Instead, the ALJ's complete description of Dr. Yagnick's 2011 medical source statement is as follows:

> Dr. Yagnick filled out a medical source statement on November 17, 2011 diagnosing [Plaintiff] with degeneration of the thoracic or lumbar spine with a stable prognosis. He opined that [Plaitniff] can lift less than 10 pounds, walk or stand for less than 2 hours, and sit for about 2 hours. He also said that [Plaintiff] needs a job where he is permitted to shift from sitting to standing to walking. He also stated that [Plaintiff] will need to take unscheduled breaks during the day every 30 minutes and that the claimant may need a cane at times for his pain.

R. 31. Nor did he mention Dr. Yagnick's opinion of Plaintiff being off task at least twenty-five percent when assigning Dr. Yagnick's opinion "great weight":

> Dr. Yagnick opined that [Plaintiff] had reached maximal medical improvement and recommended that [Plaintiff] only perform light work; with no lifting, pulling, or pushing more than 10 pounds; and no bending, stooping, or crawling. He also opined that [Plaintiff] can walk or stand for less than 2 hours, and sit for about 2 hours. The undersigned gives this opinion great weight as the evidence shows that the claimant is capable of doing light work.

R. 32.

Importantly, Dr. Yagnick's opinion about Plaintiff being off task at least twenty-five percent of the workday directly conflicts with the ALJ's RFC determination that Plaintiff would not be off task more than ten percent of the work period. R. 27-28. The ALJ does not cite any source for the ten percent finding in his RFC determination. See id. at 27-33.

6

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) (ruling that the ALJ must accord substantial or considerable weight to the opinion of a treating physician unless "good cause" to the contrary is shown); Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985) (same).

The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical record. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see also Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004) (affirming ALJ's rejection of treating physician's opinion when such opinion conflicted with the doctor's treatment notes and claimant's testimony regarding her daily activities).

Here, the ALJ ignored Dr. Yagnick's opinions that Plaintiff would likely be (1) off task twenty-five percent or more of a typical workday because his symptoms would likely be severe enough to interfere with his attention and concentration, and (2) absent from work more than four days per month as a result of his impairments or treatment. R. 553. The

7

Commissioner asserts that the ALJ gave Dr. Yagnick's 2011 opinions great weight only to the extent it showed Plaintiff was capable of doing light work. (Comm'r's Br., p. 10.) While it is obviously true from the RFC determination the ALJ believed Plaintiff would only be off task ten percent of the workday, it is entirely unclear whether he understood Dr. Yagnick opined differently or whether he did not consider it. Because the ALJ never mentioned these opinions from Dr. Yagnick regarding Plaintiff being off task and absent, much less clearly articulated any reason to reject them, the Court cannot say that the ALJ considered these opinions and rejected them, what evidence the ALJ relied on to do so, and whether any such evidence establishes good cause. Crawford, 363 F.3d at 1159; see also Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) ("It is possible that the ALJ considered and rejected these two medical opinions, but without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence.")

As such, the Court cannot say that the ALJ's opinion was supported by substantial evidence, and remand is warranted. The Court need not reach Plaintiff's remaining contentions. Of course, on remand, Plaintiff's claims must be evaluated in accordance with the five-step sequential evaluating process and in compliance with the applicable regulations and case law in all respects.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be

**REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 14th day of May, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA