IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SHAWN HEATH ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 114-104 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

The Court **GRANTS IN PART** Plaintiff's motion for attorney's fees (doc. no. 22), and **ORDERS** the Commissioner to pay Plaintiff's counsel $16,405.50 out of Plaintiff's past-due benefits pursuant to 42 U.S.C. § 406(b). Importantly, the Court herein approves a total fee award under § 406(b) of $20,500.00. However, the Court has deducted from this total the prior fee award of $4,094.50 made pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), which Plaintiff's counsel shall retain. See Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1274 (11th Cir. 2010) (preferring courts deduct EAJA award from § 406(b) award rather than plaintiff's counsel having to issue refund of EAJA award); see also Paltan v. Comm'r of Soc. Sec., 518 F. App'x 673, 674 (11th Cir. 2013).

---

[1] The Court takes judicial notice that on January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), the Court **DIRECTS** the Clerk of Court to substitute Nancy A. Berryhill as Defendant.

## I. BACKGROUND

On June 9, 2015, the Court granted a reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g), and awarded Plaintiff $4,094.50 in attorney's fees, $400.00 in costs, and $23.00 in expenses under the EAJA. (Doc. nos. 16, 19, 21.) On January 16, 2017, the Commissioner awarded Plaintiff $145,234.00 in past-due benefits. (Doc. no. 22-3, pp. 1-6.) On March 13, 2017, Plaintiff filed the instant motion seeking attorney's fees of $36,308.00 pursuant to a contingency fee contract for twenty-five percent of Plaintiff's past-due benefits. (Doc. no. 22.) The Commissioner opposes the motion, arguing it is untimely and would result in a windfall to counsel. (Doc. no. 24.)

## II. DISCUSSION

### A. The Motion is Timely.

Federal Rule of Civil Procedure 54(d)(2) requires a motion for attorney's fees under § 406(b) to be filed within fourteen days "after entry of judgment." Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006). However, it is unclear exactly when the clock commences. In Biltch v. Astrue, 261 F. App'x 241, 242 n.1 (11th Cir. 2008), the Eleventh Circuit recommended district courts fashion a "general order or a local rule permitting district-wide application of a universal process for seeking fees under these unique circumstances." In fashioning such a general order or local rule, district courts should "keep in mind Congress's intent behind § 406(b), to encourage attorneys to represent Social Security claimants." Id.

The Middle District of Georgia followed this recommendation by requiring fee motions to be filed "no later than thirty (30) days after the date of the Social Security letter sent to the plaintiff's counsel of record." LR 9.4, MDGa; see also Brown v. Astrue, No. CV

411-152, 2014 WL 4928880, at *2 (S.D. Ga. Sept. 30, 2014). This Court has no such rule, but has traditionally provided plaintiff's counsel thirty days from the date of the Social Security letter to file for § 406(b) fees. See Jones v. Astrue, CV 310-038, doc. no. 12, p. 9, *adopted by* doc. no. 14 (S.D. Ga. May 25, 2011) (granting plaintiff's request for thirty-day deadline after Social Security letter to apply for § 406(b) fees); Curry v. Astrue, CV 309-068, doc. no. 17, pp. 14-15, *adopted by* doc. no. 19 (S.D. Ga. Nov. 18, 2010) (same).

Here, the Social Security Administration issued its Notice of Award on January 16, 2017, and Plaintiff filed the instant motion on March 13, 2017. (Doc. no. 22, pp. 2-4.) Plaintiff did not request, and the Court did not include in the reversal judgment, a statement specifying a deadline for seeking attorney's fees under § 406(b). (See doc. nos. 13, 15, 16.) In light of Congress's intent to encourage attorneys to represent Social Security claimants, and in the absence of a local rule, standing order, or statement setting a specific deadline, this Court finds the motion timely. See Brown, 2014 WL 4928880 at *2-3 (finding fee petition timely in absence of local rule, standing order, or statement setting specific deadline).

### B. Reasonableness of the Requested Fee

Attorney's fee awards in Social Security cases are governed by two statutes, 42 U.S.C. § 406(b), and 28 U.S.C. § 2412 of the EAJA. Jackson, 601 F.3d at 1271. Under 28 U.S.C. § 2412 of the EAJA, counsel may petition for a fee award based on an hourly rate. Alternatively, counsel may seek a reasonable contingency fee pursuant to 42 U.S.C. § 406(b) not in excess of "25 percent of the total of the past-due benefits to which the claimant is entitled." Bergen, 454 F.3d at 1276. The fee is payable "out of, and not in addition to, the amount of the past-due benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 795 (2002). Counsel can obtain a § 406(b) award even after receipt of EAJA fees, so long as the EAJA payment is

3

deducted or refunded to avoid double recovery.  See Pub. L. 99-80, § 3, 99 Stat. 186 (1985); Gisbrecht, 535 U.S. at 796; Brown, 2014 WL 4928880 at *1.  Under § 406(b), an attorney must seek the court's approval even if there is a client agreement.  See Gisbrecht, 535 U.S. at 807.

Here, pursuant to the terms of the contingent-fee agreement, Plaintiff's counsel seeks $36,308.00, an amount equal to 25% of the past benefits awarded, and in support submits a statement showing he spent twenty-four hours representing Plaintiff on appeal.  (Doc. no. 22-4; doc. no. 22-1, pp. 1, 5.)  The Commissioner argues the requested award is an unreasonable windfall of more than $1,500.00 per hour.  (See doc. no. 24, pp. 3-4.)

Where, as here, there is a valid contingent-fee agreement that does not exceed the statutory cap of 25% of past due benefits awarded, the Court should enforce the agreement so long as "the fee sought is reasonable for the services rendered."  Gisbrecht, 535 U.S. at 807. "[C]ourts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of time the attorney spent on the case."  Jackson, 601 F.3d at 1271 (citing Gisbrecht, 535 U.S. 789).  The Court acknowledges Plaintiff's counsel's extensive experience in disability law, as well as the high quality of representation in this case.  (See doc. no. 25, pp. 3-4.)  Furthermore, there is no evidence or suggestion Plaintiff's counsel is responsible for any delay.  (See doc. no. 24, pp. 3-4.)

An award may be unreasonable if it is disproportionally large in comparison to the time spent on the case, such that the contingency fee would result in a windfall to claimant's attorney.  See Jackson, 601 F.3d at 1271.  However, the "best indicator of the 'reasonableness' of a contingency fee is the contingency percentage actually negotiated."

Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1383 (S.D. Ga. Sept. 11, 2002).

Here, the total award requested is disproportionate within the contemplation of Gisbrecht and would result in a windfall. See 535 U.S. at 791. An award of $36,308.00 for twenty-four hours of work equals $1,512.83 per hour. This is not reasonable under Gisbrecht. See Bell v. Astrue, CV 109-059, doc. no. 25 (S.D. Ga. May 22, 2009) (finding award of $18,089.72 for 13.5 hours of representation, or $1,339.97 per hour constituted windfall); Laprade v. Astrue, No. CIV. A. 2:05CV667-SRW, 2008 WL 4735169, at *1 (M.D. Ala. Oct. 20, 2008) (finding award of $15,600.00 for 15 hours of representation, or $1,040.00 per hour constituted windfall). Thus, a downward adjustment is warranted.

The Court finds a total award of $20,400.00 for twenty-four hours of representation, with an effective hourly rate of $850.00, is generous and reasonable. See Yarnevic v. Apfel, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005) (finding $21,057.75 in attorney's fees resulting in a $643.00 hourly rate was reasonable); Hosley v. Colvin, No. 5:09-CV-379 (MTT), 2016 WL 7394532, at *2 (M.D. Ga. Dec. 21, 2016) (finding $20,000.00 for 23.40 hours of representation, or $854.70 per hour was reasonable); Andrews v. Colvin, No. 5:12-CV-275 MTT, 2014 WL 4287150, at *1 (M.D. Ga. Aug. 29, 2014) (finding $23,177.75 for 32 hours of representation, or $724.31 per hour was reasonable); Mobley v. Colvin, No. 1:12-CV-64 WLS, 2014 WL 1320100, at *1 (M.D. Ga. Mar. 31, 2014) (finding fee amounting to $874.00 per hour was reasonable); Savage v. Astrue, No. CIV. A. 5:06CV196CAR, 2010 WL 2012032, at *3 (M.D. Ga. May 20, 2010) (finding $27,310.00 in attorney's fees for 33.8 hours of representation, or $807.99 per hour reasonable).

Because Plaintiff's counsel was previously awarded $4,094.50 in EAJA fees, the Court **ORDERS** the Commissioner to pay Plaintiff's counsel $16,405.50 out of Plaintiff's

past-due benefits, which represents a total fee award of $20,500.00 since Plaintiff's counsel shall retain rather than refund the EAJA award. See Jackson, 601 F.3d at 1271-72.

## III. CONCLUSION

The Court **GRANTS IN PART** Plaintiff's motion for attorney's fees (doc. no. 22), and **ORDERS** the Commissioner to pay Plaintiff's counsel $16,405.50 out of Plaintiff's past-due benefits.

SO ORDERED this 2nd day of June, 2017, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA